IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CV-694-BR

| | |
|---|---|
| RANDY L. THOMAS, )<br>*and as father, next of friend, natural* )<br>*guardian, and on behalf of* )<br>A.T.T., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>RONALD CHAPMAN, *in his official and* )<br>*personal capacity*, )<br>CHRISTY T. MANN, *in her official and* )<br>*personal capacity,* )<br>GEORGE E. BATTLE, III, *in his official and* )<br>*personal capacity*, )<br>BARRY BOWE, *in his official and personal* )<br>*capacity*, )<br>U.S. DEPARTMENT OF EDUCATION, )<br>McDOWELL STREET CENTER FOR )<br>FAMILY LAW INC., )<br>DONNA J. JACKSON, *in her official and* )<br>*personal capacity*, )<br>AIDA CORREA, *a/k/a Aida Correa Vazquez* )<br>*and Aida Correa Velez*, )<br>GRAHAM C. MULLEN, *in his official and* )<br>*personal capacity*, )<br>STATE OF NORTH CAROLINA, )<br>JOHN and JANE DOES 1-50, *in their* )<br>*official and personal capacities*, and )<br>CHARLOTTE-MECKLENBURG )<br>SCHOOLS BOARD OF EDUCATION, )<br>)<br>Defendants. ) | **ORDER and<br>MEMORANDUM AND<br>RECOMMENDATION** |

This pro se case is before the court on the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(2) (D.E. 1) by plaintiffs Randy L. Thomas ("Thomas") and A.T.T., Thomas's minor child (collectively "plaintiffs"), and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge pursuant to 28

U.S.C. § 636(b)(1)(A) and (B), respectively. (*See* 3rd D.E. dated 13 Dec. 2011). Also before the court are several other motions filed by the parties.[1] All of these motions were filed prematurely given that plaintiffs have not yet been granted leave to file their proposed complaint without prepayment of the filing fee.

For the reasons stated below, the court will allow plaintiffs' motion to proceed *in forma pauperis*, it will be recommended that this case be dismissed and that all other pending motions be denied as moot.

## ORDER ON *IN FORMA PAUPERIS* MOTION

The court finds that plaintiffs have adequately demonstrated the inability to prepay the required court costs. The motion to proceed *in forma pauperis* is therefore GRANTED.

## MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

### I. BACKGROUND

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). The court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness).

Plaintiffs' complaint (D.E. 1-1) consists of a 41-page typewritten document and 256 pages of exhibits (D.E. 1-2 to 1-17). In it, plaintiffs assert numerous claims under 42 U.S.C. §§

---

[1] These motions include two motions to dismiss filed by defendants George E. Battle, III, Barry Bowe, and Charlotte-Mecklenburg Schools Board of Education (D.E. 22) and by the U.S. Department of Education (D.E. 26). The U.S. Department of Education had earlier filed a motion to dismiss, but withdrew it. (*See* Notice of Withdrawal D.E. 25). Plaintiffs also filed: a motion (D.E. 20) for extension of time to respond to the U.S. Department of Education's first withdrawn motion; and two motions (D.E. 28, 29) for "Enforcement, Set-Aside and Appropriate Relief" that appear to relate to two other actions filed by Thomas in this court (*see* case nos. 5:11-CV-715-BR and 5:12-CV-16-BR).

1981, 1983, 1985, "Title 18," and "Title 28." (Compl. 1[2]). They allege that defendants violated a multitude of constitutional rights in a variety of contexts. Although it is very difficult to discern the exact nature of plaintiffs' contentions, they appear to relate to or arise from three general scenarios: (1) a North Carolina child custody and support matter involving A.T.T. that apparently began in 1996 in Mecklenburg County District Court; (2) Thomas's lengthy disputes with the schools A.T.T. has attended, involving, among other things, A.T.T.'s educational opportunities and Thomas's ability to visit the schools; and (3) Thomas's dissatisfaction with the various court decisions and other actions taken by judges in a variety of proceedings.[3]

The defendants named in the complaint can also generally be categorized in a corresponding manner. Plaintiffs have named the following defendants for their apparent involvement in the child custody proceedings: Aida Correa, the mother of A.T.T. (Compl. 8-10); Ronald L. Chapman and Christy T. Mann, both of whom are North Carolina District Court Judges in Mecklenburg County (*id*. 2-4); and the McDowell Street Center for Family Law Inc. ("McDowell Street Center") and attorney Donna J. Jackson, which represented Correa in the custody proceedings (*id*. 7-8). Regarding plaintiffs' various education-related claims, they have named as defendants: George E. Battle, III, general counsel for Charlotte-Mecklenburg Schools; Barry Bowe, principal at Northwest School of the Arts; the U.S. Department of Education; and Charlotte-Mecklenburg Schools Board of Education. (*Id*. 4-7). Plaintiffs have named U.S.

---

[2] Page citations to the complaint are to the page numbers assigned by the court's CM/ECF electronic filing system.

[3] This case is part of a long series of cases Thomas has filed in both this district and the Western District of North Carolina arising from his legal relationship with his son. The three additional cases in this district are: *Thomas v. Correa,* 5:11-CV-715-BR and *Thomas v. N.C. Dept. of Health and Human Servs.*, 5:12-CV-16-BR, in which the undersigned has issued a memorandum and recommendation that they be remanded, respectively, to Mecklenburg County District Court and to the North Carolina Office of Administrative Hearings; and *Midland Funding LLC v. Thomas*, No. 5:11-CV-292-BR, which has been remanded to Mecklenburg County District Court (*see id.*, D.E. 6). He has brought at least five additional cases in the Western District: *Thomas v. Charlotte Mecklenberg Schools, et al.*, 3:06-CV-00238; *Thomas v. Helms Mulliss Wicker PLLC, et al.*, 3:07-CV-00052; *Thomas v. Olshausen et al.*, 3:07-CV-00130; *Thomas v. R. Harcourt Fulton, et al.*, 3:07-CV-00200-MU; and *Thomas v. Mullen*, 3:07-CV-00231. Plaintiff is now subject to a pre-filing injunction in that district. *See* 13 Feb. 2008 Order (D.E. 43), *Thomas v. R. Harcourt Fulton, et al.*

District Judge Graham C. Mullen of the Western District of North Carolina with respect to the dismissal of several cases filed by Thomas in that court and a pre-filing injunction issued against him. (*Id*. 10-11). Finally, plaintiffs name as defendants the State of North Carolina and "John and Jane Does 1-50," but the court is unable to determine the specific basis for these defendants being included in the action. (*Id*. 11-12).

Plaintiffs seek relief in the form of: grant of Thomas's motion to modify custody and to terminate the parental rights of defendant Corea in a state custody action; grant of his motion for emancipation of A.T.T. in a Moore County North Carolina juvenile proceeding; removal of a 1996 state custody case to the U.S. District Court for the Western District of North Carolina and a declaration that the 1996 custody order issued in that case "is to be honored & not subjected to any additional interference;" nullification of a pre-filing injunction issued by Judge Graham C. Mullen in the Western District of North Carolina; dismissal or expungement of all North Carolina criminal charges against Thomas; the immediate removal of A.T.T. from the Charlotte-Mecklenburg school district; an order directing the state of North Carolina to initiate felony prosecution of Correa; appropriate action against defendants Mann, Chapman, and the State of North Carolina for inaction on his motions to show cause regarding defendant Correa's contempt of court; sanctions against defendants McDowell Street Law Center and Jackson for violation of the Rules of Professional Conduct; general, punitive, special, and compensatory damages; and any other relief deemed just and proper by the court. (Compl. 40-41).

II. DISCUSSION

　　A.　　Legal Standards Applicable to Frivolity Review of Complaint

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). The court must determine

whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness). Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id*. at 328. Provided that a plaintiff's claims are not clearly baseless, the court must weigh the factual allegations in plaintiff's favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if a plaintiff has alleged specific facts sufficient to support the claims asserted. *White*, 886 F.2d at 724.

Under Fed. R. Civ. P. 8, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Case law explains that the factual allegations in the complaint must create more than a mere possibility of misconduct. *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)).

### B. Plaintiffs' Failure to State a Claim

Following a thorough review of the complaint, the court concludes that, despite its significant length, it fails to adequately state any claim for relief. The rambling and sometimes incoherent text of the complaint makes it difficult to follow. The parts of the complaint that do provide some suggestion of the nature of plaintiffs' contentions are only conclusory and lack any supporting factual allegations. In the section of the complaint labeled "Nature of Case," plaintiffs provide a history of the custody litigation that apparently started in 1996 and A.T.T.'s enrollment in Charlotte-Mecklenburg public schools. Thereafter, plaintiffs make allegations, in broad terms, of plaintiffs' rights having been violated with respect to A.T.T.'s educational opportunities, but without providing any facts as to how such violations occurred.

As just one example, plaintiffs allege the following:

> Not long after passage of the No Child Left Behind Law, did the Charlotte-Public School system appear to treat child and/or father plaintiff in a fashion that was different, disparate & unequal to others who were: not easily identifiable members of a suspect class, more affluent/not socioeconomic disadvantaged, had not made/filed a grievance and/or reported being subjected to threats, discrimination, denial of equal educational opportunities, gender/racial/socioeconomic/ national origin bias & retaliation by a Charlotte-Mecklenburg School official (and by their staff), elementary student being "forced-out" of school, disparate treatment as a family not consisting of a typically married couple, among other various other criteria.

(Compl. 12-13). Although plaintiffs appear to complain that they were unfairly treated by the school system, the allegations provide no factual allegations as to how such unfair treatment occurred.

The text of the section labeled "Cause of Action" fares no better. Plaintiffs merely list a multitude of rights that have been violated by defendants without any explanation or allegations of facts to support these alleged violations. This section begins as follows:

> Interfered with (and did not protect) the Federal Protected Activities of plaintiff's (began in May 2006) in an ongoing conspiracy to cover-up & not provide substantive/procedural due process and/or equal protections and/or investigation and/or effective honest review regarding the complaints & institutionalized racism regarding Charlotte-Mecklenburg Public Schools by employing a scheme of deliberate indifference, collusion, complicity, and conspiracy to inflict unreasonable, capricious, arbitrary acts (and non-acts), hostility, intimidation, coercion upon plaintiffs in order to attack/subvert/abridge First Amendment Rights (and many others listed [but not limited to those listed in this complaint) & to similarly attack/subvert/abridge the 1996 Custody order issued in Charlotte-Mecklenburg that decreed that: plaintiff child's custody would be vested with plaintiff father; . . . .

(*Id*. 16).

At best, plaintiffs have provided no more than "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (internal quotation marks omitted)). Accordingly, the court concludes that plaintiffs have failed to state a claim upon which relief can be granted, and, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), it will be recommended that the complaint be dismissed.[4]

## III. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that this action be DISMISSED. It is FURTHER RECOMMENDED that all pending motions (D.E. 17, 20, 22, 26, 28, 29) in this action be DENIED AS MOOT.

The Clerk shall send copies of this Memorandum and Recommendation to plaintiffs, who shall have until 5 March 2013 to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error,

---

[4] The court acknowledges that there are likely a myriad of other bases for dismissing many, if not all, of plaintiff's claims. For example, plaintiffs' claims against the three judge defendants would likely require dismissal on the basis of judicial immunity. *See In re Mills*, 287 F. Appx 273, 279 (4th Cir. 2008) ("Judges performing judicial acts within their jurisdiction are entitled to absolute immunity from civil liability claims." (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)). Also, all claims brought by Thomas on behalf of A.T.T. would be subject to dismissal on the grounds that non-attorney parents "generally may not litigate the claims of their minor children in federal court." *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005).

from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 19th day of February 2013.

_____
James E. Gates
United States Magistrate Judge